IN THE UNITED STATES DISTRICT COURT
FOR THE NOTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEREMY PORTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. |
| | ) |
| SUN LIFE ASSURANCE COMPANY | ) |
| OF CANADA, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Now comes the Plaintiff, JEREMY PORTER ("Porter" or "Plaintiff"), by his attorneys, MARK D. DEBOFSKY and DEBOFSKY SHERMAN CASCIARI REYNOLDS, P.C., and complaining against the Defendant, SUN LIFE ASSURANCE COMPANY OF CANADA ("Sun Life" or "Defendant"), he states as follows:

## JURISDICTION

1. Jurisdiction of this Court is based upon the Employee Retirement Income Security Act of 1974 ("ERISA"), and in particular, ERISA § 502(e)(1) and (f) (29 U.S.C. §§ 1132(e)(1) and (f)). Those provisions give the district court jurisdiction to hear civil actions brought to recover benefits due under the terms of employee welfare benefit plans, which, in this case, involves a group long-term disability ("LTD") insurance policy underwritten and administered by Defendant for the benefit of employees of The Luse Companies, Inc. Policy 67935-001 (a true and accurate copy of said policy is attached hereto as Exhibit "A").

2. This action may also be brought before this Court pursuant to 28 U.S.C. § 1331, which provides subject matter jurisdiction over actions that arise under the laws of the United States.

## VENUE

3. Venue is proper in the Northern District of Illinois, Eastern Division pursuant to ERISA § 502(e)(2) (29 U.S.C. § 1132(e)(2)) and 28 U.S.C. § 1391 because Plaintiff resides in this District, and a substantial part of the events or omissions giving rise to Plaintiff's claim occurred within this District at all times relevant hereto.

## NATURE OF ACTION

4. This case seeks the payment of LTD benefits claimed due since July 9, 2018 pursuant to group insurance coverage sponsored by The Luse Companies, Inc. and underwritten and insured by Sun Life. This action is brought as a claim for benefits due pursuant to ERISA § 502(a)(1)(B) (29 U.S.C. § 1132(a)(1)(B)), or, in the alternative, ERISA § 502(a)(3) (29 U.S.C. § 1132(a)(3)) along with prejudgment interest pursuant to ERISA §§ 502(a)(1)(B) and/or 502(a)(3); and Plaintiff also seeks attorneys' fees and costs pursuant to ERISA § 502(g) (29 U.S.C. § 1132(g)).

## PARTIES

5. At all times relevant hereto, Plaintiff, Jeremy Porter, who was born in 1971 and who lives within the Northern District of Illinois, worked for The Luse Companies, Inc. as Operations Manager, Environmental Services, a position whose occupational duties were described by the employer as follows:

> Operations Manager is responsible for preparing and/or coordinating the preparation of full estimates on large and complex projects as required by client's documents and provides complete conceptual and total bid price. The Operations Manager will supervise other Project Managers/Estimators and have P&L Responsibility for the division. The Operations Manager also acts as a Project Manager/ Estimator and is responsible for site visits, estimating and managing their own work in the field. The Operations Manager reports directly to the President/CEO.

6.Porter ceased working on April 10, 2018 due to a traumatic brain injury or injuries that resulted in cognitive impairments which precluded Porter from working in his regular occupation.

7.During his employment at Luse, Porter received LTD coverage through his employer commencing on June 1, 2016 and which remained in full force and effect by reason of premiums 100% paid by himself through the date he last worked. The LTD coverage was part of an "employee welfare benefit plan" as defined by ERISA § 3(1) (29 U.S.C. § 1002(1)). Plaintiff received coverage under the plan as a "participant" as defined by ERISA § 3(7) (29 U.S.C. § 1002(7)).

8.At all times relevant hereto, Sun Life was the underwriter and administrator of the LTD coverage; and was doing business within the Northern District of Illinois, Eastern Division.

## STATEMENT OF FACTS

9.As a result of traumatic brain injuries sustained in a motor vehicle accident, Porter suffers from cognitive impairments that resulted in his inability to work in his regular occupation.

10.Shortly after he ceased working, Porter applied for long-term disability benefits from Sun Life. Based on his salary, Porter was eligible to receive monthly disability income benefits from Sun Life LINA in the amount of $6,409.98 as of July 9, 2018 because he met at that time and continues to meet the following definition of "disabled" under the Policy:

> **Total Disability or Totally Disabled** means during the Elimination Period and the next 24 months, the Employee, because of Injury or Sickness, is unable to perform the Material and Substantial Duties of his Own Occupation. After Total or Partial Disability benefits combined have been paid for 24 months, the Employee will continue to be Totally Disabled if he is unable to perform with reasonable continuity any Gainful Occupation for which he is or becomes reasonably qualified for by education, training or experience.

3

> **Material and Substantial Duties** means, but is not limited to, the essential tasks, functions, skills or responsibilities required by employers for the performance of the Employee's Own Occupation. Material and Substantial Duties does not include any tasks, functions, skills or responsibilities that could be reasonably modified or omitted from the Employee's Own Occupation.
>
> **Own Occupation** means the usual and customary employment, business, trade, profession or vocation that the Employee performed as it is generally recognized in the national economy immediately prior to the first date Total or Partial Disability began. Own Occupation is not limited to the job or position the Employee performed for the Employer or performed at any specific location.

11. Despite Porter's submission of evidence to Sun Life establishing that he met the foregoing definitions, Sun Life refused to pay any benefits.

12. In its denial, Sun Life demanded that Porter submit a neuropsychological evaluation in order to be approved even though the Policy did not include any such requirement. Nor did Sun Life offer to pay the costs of such an evaluation or assist him on obtaining a neuropsychological evaluation, an examination that costs several thousand dollars. As a result, Porter was unable to obtain a timely neuropsychological evaluation; and his cognitive impairment limited his ability to understand and adhere to any deadline he was required to meet in order to "appeal" the benefit denial pursuant to 29 U.S.C. § 1133 and 29 C.F.R. § 2560.503-1. When Porter finally obtained a neuropsychological evaluation and attempted to submit it and appeal Sun Life's benefit denial, Sun Life unreasonably, and in disregard of its fiduciary obligations owed to claimants such as Porter pursuant to 29 U.S.C. § 1104(a)(1) and its obligation to utilize "higher-than-marketplace quality standards" as mandated by the Supreme Court in *Metro Life Ins. Co. v. Glenn,* 554 U.S. 105, 1115 (2008), Sun Life refused to consider his meritorious appeal and treated Porter in an

4

adversarial manner rather than in a manner appropriate to a fiduciary owing statutory duties to a claimant such as Porter which are imposed by the ERISA law.

13. Sun Life's denial of Plaintiff's claim for long-term disability insurance benefits and its refusal to consider his appeal placed Defendant's financial considerations ahead of an objective and fair evaluation and consideration of Plaintiff's claim. Sun Life has thus failed to meet its fiduciary obligations under ERISA to consider all relevant and reliable evidence provided by claimants; and has failed, in breach of its fiduciary obligations, to provide Plaintiff with a "full and fair review" as required by ERISA § 503 (29 U.S.C. § 1133) and 29 C.F.R. § 2560.503-1.

14. The evidence submitted to Defendant establishes that Plaintiff has been and remains disabled and unable to work in his occupation since the date he last worked for Luse. Plaintiff is therefore entitled to receive all LTD benefits that have accrued since July 9, 2018, along with payment of interest on all benefits in arrears, reimbursement of costs, and an award of attorneys' fees payable pursuant to 29 U.S.C. § 1132(g).

## RELIEF SOUGHT

WHEREFORE, Plaintiff prays for the following relief:

A. That the Court enter judgment in Plaintiff's favor and against Defendant, and that the Court order Defendant to pay all past due LTD benefits to Plaintiff in the amount of $6,409.98 per month due since July 9, 2018 pursuant to ERISA § 502(a)(1)(B) (29 U.S.C. § 1132(a)(1)(B)) or, in the alternative, as an equitable remedy for breach of fiduciary duty pursuant to 29 U.S.C. § 1132(a)(3);

B. That the Court order Defendant to pay Plaintiff prejudgment interest on all LTD benefits that have accrued prior to the date of judgment at an appropriate rate of interest pursuant to ERISA § 502(a)(1)(B) (29 U.S.C. § 1132(a)(1)(B)) and/or ERISA § 502(a)(3) (29 U.S.C. § 1132(a)(3));

C. That the Court issue a declaratory judgment ordering Defendant to continue to paying Plaintiff LTD benefits for so long as he continues to meet the Policy's terms and conditions for ongoing payment;

D. That the Court award Plaintiff attorneys' fees and costs pursuant to ERISA § 502(g) (29 U.S.C. § 1132(g)); and

E. That the Court award Plaintiff any and all other penalties, damages, and equitable relief to which he may be entitled, as well as her costs of suit.

Dated: January 31, 2020 Respectfully submitted,

/s/ Mark D. DeBofsky
Mark D. DeBofsky
One of the Attorneys for Plaintiff
Jeremy Porter

Mark D. DeBofsky
DeBofsky Sherman Casciari Reynolds, P.C.
150 N. Wacker Dr., Suite 1925
Chicago, Illinois 60606
Voice: (312) 561-4040
Fax: (312) 929-0309
Email: mdebofsky@debofsky.com